**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Carlos R. Esparza,<br>　　　　Petitioner,<br>vs.<br>Dora B. Schriro, et al.<br>　　　　Respondents. | CV-07-2410-PHX-ROS (JCG)<br>**REPORT & RECOMMENDATION** |

Petitioner, Carlos R. Esparza, who is presently confined in the Aspen Unit of the Arizona State Prison Complex in Phoenix, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1) and Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer"). (Doc. No. 10.) Although Petitioner was granted an extension of time to file a reply, he failed to do so. The Magistrate Judge recommends that the District Court deny the Petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 20, 2003, Petitioner pled guilty to a modified count of attempted armed robbery, a class 3 felony, committed on January 31, 2003. (Petition, Ex. D.) The plea agreement provided for the possibility of an exceptional, aggravated sentence of imprisonment of 8.75 years. (*Id*.) On November 5, 2003, the trial court held a sentencing and mitigation hearing at which Petitioner testified. (Answer, Ex. B.) During his testimony, Petitioner admitted that (1) his brother had pled guilty to being an accomplice in the instant

offense, and (2) Petitioner had a prior conviction for armed robbery. (*Id*., pgs. 7, 11.) At the close of the hearing, the trial court sentenced Petitioner to the exceptional, aggravated sentence of 8.75 years. (*Id*.) The trial court aggravated Petitioner's sentence based on three "exceptional" circumstances: (1) Petitioner committed armed robbery with an accomplice, (2) the victims suffered emotional harm, and (3) Petitioner had been convicted of a felony within the past ten years. (*Id*.)

By pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. Petitioner instituted his first post-conviction relief proceedings pursuant to Rule 32, Ariz. R. Crim. P. on December 31, 2003, when he filed a Notice of Post-Conviction Relief. (Answer, Ex. C.) On January 16, 2004, the trial court appointed counsel to represent Petitioner in his post-conviction proceedings. (Answer, Ex. D.) After receiving three extensions of time in which to file a petition for post-conviction relief on Petitioner's behalf, Petitioner's court-appointed counsel filed a Notice of Completion Re: Post-Conviction Relief on August 15, 2004. (Answer, Ex. H.) On August 25, 2004, the trial court granted Petitioner 45 days in which to file a *pro se* petition. (Answer, Ex. I.)

On September 16, 2004, Petitioner filed his first petition for post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P. ("First Rule 32 Petition"). (Petition, Ex. A.) Petitioner's First Rule 32 Petition raised a single claim: that Petitioner's sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), because the trial court considered facts not determined by a jury when enhancing Petitioner's sentence. (*Id*.) The trial court dismissed Petitioner's First Rule 32 Petition on September 30, 2004 on the ground that *Blakely* did not retroactively apply to Petitioner's case. (*Id*.) Petitioner filed a petition for review of the trial court's decision in the Arizona Court of Appeals, again arguing that his sentence violated *Blakely*. (Petition, Ex. B.) On January 17, 2007, the Court of Appeals issued a decision in which it disagreed with the trial court's conclusion that *Blakely* did not apply, but concluded that Petitioner's conviction did not violate *Blakely*. (Answer, Ex. J.) Accordingly, the Court of Appeal denied review. (*Id*.)

On August 20, 2007, Petitioner filed a second Notice of Post-Conviction Relief in the trial court ("Second Rule 32 Notice"). (Petition, Ex. C.) The Second Rule 32 Notice alleged six claims for relief: (1) Petitioner received ineffective assistance of counsel because his trial counsel changed four times before his change of plea; (2) Petitioner received ineffective assistance of Rule 32 "of-right" counsel; (3) the trial court abused its discretion in refusing to grant Petitioner a mental health examination; (4) Petitioner received ineffective assistance of counsel at sentencing; (5) Petitioner's sentence violated *Blakely*; and (6) the Arizona Court of Appeals took 27 months to issue a decision regarding Petitioner's petition for review of the trial court's denial of his First Rule 32 Petition. (*Id*.) The trial court dismissed Petitioner's Second Rule 32 Notice as precluded. (*Id*.) Petitioner did not petition for review by the Arizona Court of Appeals.

On November 29, 2007, Petitioner filed his Petition for Writ of Habeas Corpus in federal court. (Doc. No. 1.) Petitioner's Petition presents two claims for relief:

**Ground 1:** Petitioner received ineffective assistance of counsel (a) at sentencing; (b) when trial counsel promised Petitioner that if he pled guilty he would only receive a 3.5 year term of imprisonment; and (c) when counsel appointed to represent Petitioner in his first post-conviction proceedings failed to file a Rule 32 petition;

**Ground 2:** Petitioner's sentence violates *Blakely* because the trial court considered facts not determined by a jury when enhancing Petitioner's sentence. (Petition, pgs. 6-7.)

## DISCUSSION

The Magistrate Judge recommends that the Petition be denied because Petitioner has failed to exhaust his state court remedies with respect to the claims set forth in Ground 1 and because Ground 2 is without merit.

**A.    Exhaustion**

    **i.    Legal Standard**

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court. 28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). First enunciated in *Ex parte*

*Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The requirement is grounded in principles of comity, and reflects a desire to protect state courts' role in the enforcement of federal law. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation omitted). The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *See Rose*, 455 U.S. at 519. A petitioner must have also presented his claim in a procedural context in which its merits will be considered. *See Castille*, 489 U.S. at 351. A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

4

**ii.     Ground 1**

Petitioner did not present Ground 1(b) in either his First Rule 32 Petition or his Second Rule 32 Notice. Petitioner presented Grounds 1(a) and 1(c) in his Second Rule 32 Notice, but did not present those claims to the Arizona Court of Appeals. *See Rose*, 455 U.S. at 519 (stating that a petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254); *Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir. 1999) (stating that claim must be presented to the Arizona Court of Appeals in post-conviction proceedings in order to be exhausted). Consequently, Petitioner has not fairly presented any of the claims contained in Ground 1 and cannot raise those claims for the first time in federal court.

Petitioner is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 from obtaining relief on Ground 1 in state court absent an applicable exception, which Petitioner does not assert. *See* Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). Thus, Ground 1 is technically exhausted but procedurally defaulted, absent a showing of cause and prejudice or a fundamental miscarriage of justice, which Petitioner does not assert. *See Coleman*, 501 U.S. at 749-50 (citations omitted; internal quotation marks omitted); *Thomas v. Goldsmith*, 979 F.2d 746, 749 (9th Cir. 1992). Accordingly, Ground 1 should be dismissed for failure to exhaust.

**iii.     Ground 2**

Petitioner properly presented Ground 2 in his First Rule 32 proceedings. Accordingly, Ground 2 is properly exhausted and the Court will consider the merits of the claim.

**B.     Merits**

**i.     Standard of Review**

On habeas review, a state court's findings of fact are entitled to a presumption of correctness when fairly supported by the record. *Wainwright v. Witt*, 469 U.S. 412, 426 (1985). The presumption of correctness also applies to a state appellate court's findings of fact. *Sumner v. Mata*, 449 U.S. 539, 546 (1981). The question presented in a state prisoner's

petition for a writ of habeas corpus is "whether the state proceedings satisfied due process." *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991).

Federal courts may entertain a state prisoner's petition for habeas relief only on the grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. *Reed v. Farley*, 512 U.S. 339 (1994). General improprieties occurring in state proceedings are cognizable only if they resulted in fundamental unfairness and consequently violated the petitioner's Fourteenth Amendment right to due process. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Bonin v. Calderon*, 77 F.3d 1155, 1158 (9th Cir. 1996). The Supreme Court has held in the habeas context that "this Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991). The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) govern this case and pose special burdens. *Chein v. Shumsky,* 373 F.3d 978, 983 (9th Cir.2004) (*en banc*). Under AEDPA, when reviewing a state criminal conviction, a federal court may grant a writ of habeas corpus only if a state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under § 2254(d)(1), a state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court cases or "if the state court confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but "nevertheless arrives at a result different from" that precedent. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). A state court decision is an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle" from a Supreme Court decision

6

"but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. In considering whether a state court has unreasonably applied Supreme Court precedent, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *Bell v. Cone,* 535 U.S. 685, 694 (2002). In conducting habeas review, we "presum[e] that state courts know and follow the law." *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002).

### ii. Analysis

When applying the AEDPA and reviewing whether a state court decision is contrary to federal law, this court must look to the state's last reasoned decision as the basis for its judgment. *See Avila v. Galaza*, 297 F.3d 911, 918 & n. 6 (9th Cir. 2002). Thus, this Court must consider whether the Arizona Court of Appeals' January 17, 2007 decision involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Ground 2, Petitioner contends that his sentence violates *Blakely* because the trial court considered facts not determined by a jury when enhancing Petitioner's sentence. The Arizona Court of Appeals concluded that Petitioner's sentence did not violate *Blakely* because (1) aggravation of a sentence by a prior felony is "*Blakely* exempt," and (2) no reasonable juror could have failed to find that Petitioner was aided in the crime by an accomplice. (Answer, Ex. J.)

The Court of Appeals reasonably applied the appropriate federal law to the facts before the court.  Petitioner admitted to a prior felony conviction during his sentencing/mitigation hearing. (Answer, Ex. B.)  In *Blakely*, the United States Supreme Court reaffirmed its holding, first expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that "*other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved

beyond a reasonable doubt." 542 U.S. at 301 (emphasis added).  Thus, *Blakely* excludes prior convictions from its holding that aggravating factors must be found by a jury in order to be considered during sentencing.

Petitioner also admitted to an accomplice during his sentencing/mitigation hearing. (Answer, Ex. B.) *Blakely* permits a sentence to be aggravated by a fact that is admitted by the defendant, even if that fact is not determined by a jury. *See Blakely*, 542 U.S. at 303 ("Our precedents make clear, however, that the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict *or admitted by the defendant*.") (emphasis added).

Petitioner's sentence was also aggravated based on one additional "exceptional" circumstance: the trial court's finding that the victims suffered emotional harm.  Although the Court of Appeals did not discuss this finding by the trial court in its decision upholding Petitioner's sentence, the trial court's consideration of the victim's emotional harm in aggravating Petitioner's sentence would not constitute a *Blakely* violation.  The rule announced in *Apprendi* and reaffirmed in *Blakely* applies to fact-finding that increases the penalty for a crime "beyond the statutory maximum." *Blakely*, 542 U.S. at 301.  As the *Apprendi* Court explained, "nothing in [the history of the right to jury trial] suggests that it is impermissible for judges to exercise discretion--taking into consideration various factors relating both to offense and offender--in imposing a judgment *within the range prescribed by statute*." *Apprendi,* 530 U.S. at 481 (emphasis added).  The Court reinforced this conclusion two years later in *Harris v. United States*, 536 U.S. 545, 558 (2002).  In a plurality opinion authored by Justice Kennedy, the Court stated that while a jury must find those facts that establish the outer limits of a sentence, facts that limit a judge's sentencing discretion within the prescribed statutory range, such as those that compel imposition of a mandatory minimum sentence, may be found by judges rather than juries. *Harris*, 536 U.S. at 567.  Thus, "[j]udicial factfinding in the course of selecting a sentence within the authorized range does not implicate the indictment, jury-trial, and reasonable-doubt components of the Fifth and Sixth Amendments." *Id*. at 558.  Justice Kennedy specifically

noted that precedent permitted judges to make factual findings regarding a victim's characteristics, including age and relationship to the defendant. *Id*. at 567-68.

In the present case, because Petitioner admitted to a prior felony conviction, his conviction for attempted armed robbery carried a sentencing range of 4.5 to 13 years. *See* A.R.S. § 13-604(B). Petitioner was sentenced to 8.75 years. (Answer, Ex. D.) Thus, to the extent that the sentencing judge aggravated Petitioner's sentence based on the harm suffered by the victims, the application of that aggravating factor was within the sentencing range and therefore did not violate *Blakely*. Accordingly, the Magistrate Judge recommends denying the Petition with respect to Ground 2.

## CONCLUSION

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-07-2410-PHX-ROS**.

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 19th day of May, 2008.

_____
Jennifer C. Guerin
United States Magistrate Judge